In the Matter of BANKUS CORPORATION, Voluntary Bankrupt.

In the Matter of CITY FINANCIAL CORPORATION, Voluntary Bankrupt.

District Court, S. D. New York.
Dec. 31, 1930.

See, also, 45 F.(2d) 902.

Isidor J. Kresel, of New York City (Charles H. Tuttle, of New York City, of counsel), for petitioners.

WOOLSEY, District Judge.

Deeming such course absolutely necessary within the meaning of section 2, subdivision 3, of the Bankruptcy Act (11 USCA § 11(3), for the preservation of the estates of the above-named petitioners, I am appointing the Irving Trust Company receiver in each of the above proceedings.

The promptness with which the petitioners have fallen in with the suggestion I made in my opinion on Monday, December 29, 1930, in the equity suits heretofore brought by the Municipal Financial Corporation against the two petitioners here, that the proper forum in which to seek the remedies needed by the petitioners is the bankruptcy court, has been due to the willingness of all counsel who appeared before me at the time of the appointment of the equity receivers to fall in with my views.

Although for reasons stated in the opin-

ion above referred to I held that counsel had mistaken their remedy, and that the corporation above named could not remain under an equity receivership, there never was any controversy with counsel on the facts. For so soon as the facts were developed before me by the prompt and effective inquiry conducted by the receiver in equity and its counsel, all counsel before me in the equity proceedings at once set about to put my suggestions into effect.

In view of what has happened—the filing of these bankruptcy proceedings in these two cases—I feel it would be ungracious of me if I did not make reference to counsels' commendable prompt compliance with the views which I expressed, but which I was not in a position to enforce, owing to the ruling of the Circuit Court of Appeal for this circuit in Manhattan Rubber Manufacturing Co. v. Lucey Manufacturing Co., 5 F.(2d) 39.

Perhaps it is not inappropriate to say that such co-operation as has now been shown, though expectable of counsel of such standing at the bar, is none the less praiseworthy and serves to strengthen my growing belief that members of the bar are coming to realize more and more the fact that as officers of the court they stand in a fiduciary relationship towards the court, and owe to it the highest degree of loyalty.

I think it is also appropriate, under the circumstances, on entering a new phase of this serious situation, that I should offer to do what I can for the convenience of counsel.

Though I felt myself unable properly to allow the petitioners to remain under equity receiverships, I can at least afford them such continuity and convenience in the handling of the present receiverships in bankruptcy as may arise from my undertaking personally to deal with all questions involved in these proceedings and any other corporate proceedings which may have to come before a judge. This I should have been expected to do if the equity receivership had been continued, and, as counsel have intimated that they would like me to follow this course in the bankruptcy receiverships, I accept the burden.

Therefore all orders and motions in these proceedings which do not properly go to the referee may be sent to me by the clerk, and these petitions and any others of companies subsidiary to or affiliated with these petitioners must go to one referee for convenience and economy of administration.